CLARK, Justice,
dissents and assigns reasons.
|! Courts exercising criminal jurisdiction in every parish have different, historical ways of deciding when trial is set. Some courts set an initial trial date at arraignment. If a case is not ready for trial, if the defendant pleads guilty, or if a case that has more priority must be heard, the court will reset the trial. Other courts wait to set an initial trial date until the parties are ready to commence trial.
Before the 2010 constitutional amendment to La. Const, art. 1, § 17(A), La. C.Cr.P. art. 780(B) and La.C.Cr.P. art. 521 operated together to mandate that the defendant waive his constitutional right to a trial by jury within fifteen days of arraignment. Under further provisions of La. C.Cr.P. art. 780(B), however, the defendant was permitted to waive trial by jury at any time prior to the commencement of trial with the condition he obtain permission of the trial court.
After the 2010 amendment, the statutes continue to mandate that the defendant make his decision to waive his constitutional right to a trial by jury within fifteen days of arraignment. The further provisions of La.C.Cr.P. art. 780(B) remain, as well. The difference wrought by the constitutional amendment is the restriction on the trial court’s discretion in allowing for a waiver of the constitutional right to trial by jury for the time period of 45 days before trial.
The issue here is not whether the defendant was faced with an initial trial setting within 45 days of arraignment and the *333 elimination of his constitutional right to waive a jury trial. I believe the majority opinion ignores the fact the initial setting | gof the trial occurred almost two years after the bill of information was filed in 2009 and well after the defendant’s arraignment.
This defendant’s case straddles the time period before and after the effective date of the constitutional amendment. After the effective date of the constitutional amendment, the defendant’s arraignment had long passed. The only time limitation remaining for this defendant was the constitutional restriction placed on the trial court’s discretion to allow the defendant to exercise his right to waive a jury trial within 45 days of trial. In effect, the defendant could have waived his right to trial by jury at any time after charges were brought against him, including the nearly two years he waited without exercising this right.[1] Instead, the defendant gambled his initial trial setting would be set for a future time period longer than 45 days hence. He lost that bet.
I agree with the court of appeal concurrence that the amended provision in the constitution no longer allows discretion for waivers taking place less than 45 days before the trial date. As to the trial date scheduled for October 11, the defendant’s waiver of a jury trial came too late, but I believe he had years in which to exercise that constitutional right.

. Fifteen days after arraignment, the defendant could only waive trial by jury with the trial judge’s permission.